UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RICARDO VELASQUEZ

                          Plaintiff,

    -against-                                  No. 18 civ. 10969(CM)(KNF)

KINER'S CORNER LLC d/b/a TWO BOOTS
HELL'S KITCHEN, and GEORGE
PAPADOPOULOS

                          Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL AND THE MOTION FOR SANCTIONS**

McMahon, C.J.:

On November 23, 2018, Plaintiff Ricardo Velasquez ("Plaintiff") commenced this action against Kiner's Corner LLC d/b/a Two Boots Hell's Kitchen ("Corporate Defendant" or "Two Boots") and George Papadopoulos ("Papadopoulos" or "Defendant") seeking to recover injunctive relief, attorney's fees and costs, $1,000 in compensatory damages and undefined punitive damages pursuant to 42 U.S.C. §12181 of the Americans with Disabilities Act ("ADA"), the New York City Human Rights Law ("NYCHRL") and the New York State Human Rights LAW ("NYSHRL"). Presently before the Court is a motion by Plaintiff to compel and impose sanctions on Defendant and his counsel. Specifically, Plaintiff asks the Court to compel Defendant and his counsel to produce leases as previously ordered by the court.

The motion to compel is GRANTED. The motion for sanctions is DENIED but may be renewed if Defendant fails to comply with this order.

**Facts**

### I. Parties

Plaintiff alleged in his complaint that he is a paraplegic who uses a wheelchair for mobility. (Compl. ¶ 4).

Plaintiff alleged that PGGS Gourmet, Inc. "is the lessee and/or operator of the real property and the owner of the improvements where the Subject Facility is located which is the subject of this action." (Compl. ¶ 5). However, Plaintiff has not named PGGS Gourmet, Inc. in his motion, or otherwise offered any explanation how PGGS Gourmet fits into the picture here. Instead, Plaintiff has named defendant Kiner's Corner, LLC, d/b/a Two Boots Hell's Kitchen. According to the complaint, Two Boots Hell's Kitchen is located at 625 9th Avenue, New York, New York. Service on Kiner's Corner, was not sent to the Manhattan address, but rather was sent to 59 Silver Hollow Rd., Willow, New York, 10495. (Doc. No. 6). Plaintiff provided no explanation why service was sent to an address different from the one he identified as the primary place of business. Perhaps unsurprisingly, no answer or appearance has been entered by the Corporate Defendant.

Plaintiff's motion states that City Pizza is the "current tenant" at 625 9th Ave. (Doc. No. ¶ 2). It is unclear when the occupancy changed. Since Plaintiff has not stated when the alleged events giving rise to this action occurred, it is unclear if the events giving rise to this action occurred in Two Boots or in City Pizza.

Although Plaintiff does not say so, it is clear from the facts alleged in the complaint that Two Boots is a restaurant. (*See generally*, Compl. ¶ 16). Also, in the current motion, Plaintiff refers to Two Boots as "Two Boots Pizza." Piecing together the information from the complaint,

it seems PGGS Gourmet leased 625 9th Avenue, to operate Kiner's Corner LLC, d/b/a Two Boots Hell's Kitchen.

Even fewer details have been provided about who Papadopoulos is. Both the complaint and this Motion refer to Papadopoulos as simple "an individual." This motion seeks to compel Papadopoulos to produce the "leases of current and former tenants," which the Court assumes is referring to the tenants of 625 9th Avenue, New York, New York. To add to the confusion, Plaintiff's complaint stated that "upon information and belief, PARTNERSHIP 92 WEST, L.P., is the owner, lessor and/or operator of the real property where the Subject Facility is located which is the subject of this action." (Compl. ¶ 5). It remains unclear what connection Partnership 92 West has to the complaint and to Papadopoulos.

## II.  Background

Plaintiff contends that he personally visited Defendant's restaurant "but was denied full and equal access to, and full and equal enjoyment of, the facilities at Defendants' Property" because it was not wheelchair accessible. (Compl. ¶ 4).

Plaintiff asked that the Court's initial pretrial conference be postponed six consecutive times. Because of Plaintiff's requests, the initial pretrial conference was pushed from May 6, 2019, to January 10, 2020. At the initial pretrial conference, Defendant advised the Court that the name of the Corporate Defendant that appeared in the caption – Kiner's Corner LLC – was incorrect. I was also advised that the premises, which had previously been occupied by Two Boots Hell's Kitchen, were now occupied by a different entity, City Pizza.  I granted Plaintiff leave to amend the complaint to name the proper parties, and I ordered Defendant's counsel to provide Plaintiff's counsel with copies of the leases for both the current and former tenant.

On January 24, 2020, Defendant's counsel emailed Plaintiff's counsel stating, "As for the leases, I cannot seem to find a copy at the time - but will keep looking in case we have them on our side. Will keep in touch." (Doc. No. 34). This information came to the Court's attention on June 2, 2020, with the Defendants Opposition to this Motion.

On February 14, 2020, Plaintiff's counsel moved for an order compelling Defendant's counsel to produce the leases. (Doc. No. 25). Plaintiff stated, "despite more than five (5) separate written requests and several telephone calls over the past several weeks, Mr. DeMaio and/or his client has refused to provide copies of either of the two leases, claiming that his client is 'a bit difficult.'" (Doc. No. 25).

On February 19, 2020, I ordered Defendant's counsel to provide the leases by February 28, 2020, or I would entertain a motion to hold the principal of the "difficult client" in contempt. (Doc. No. 26). Defendant Papadopoulos did not produce a lease by February 28.

On March 17, 2020, Plaintiff filed a letter requesting a 30-day stay. On April 17, 2020, Plaintiff submitted a second letter requesting another 30-day stay.

Finally, on May 22, 2020, nearly three-months after the court imposed deadline, Plaintiff filed this Motion to compel the disclosure of the leases and seeking sanctions. In his Motion, Plaintiff's counsel avers that he tried to contact Defendant's counsel via telephone, and that he emailed Defendant's counsel on February 19, 2020 and February 28, 2020, in order to obtain copies of the leases. (Doc. No. 33 ¶ 8). Plaintiff asserted that Defendant's counsel has not replied "in any manner" since the Order was issued. (Doc. No. 33. ¶ 8). Plaintiff did not mention the email Defendant sent on January 24, 2020.

Plaintiff asks the Court to (1) grant a Motion to Compel and require Defendant produce the leases within fourteen days; (2) award "costs, expenses and attorney's fees"; and (3) any other sanctions the Court finds proper. Plaintiff did not elaborate on the costs for which he is seeking reimbursement.

Defendant Papadopoulos has provided emails indicating that he did reply to Plaintiff at least once. In addition to the email, Defendant states in his opposition that that he spoke with Plaintiff at least two other times by phone and relayed the same general message as was provided in the email – that the lease cannot be found. In opposition this motion, Defendant's counsel stated that after a "thorough search," the leases cannot be found. (Doc. No. 34). Additionally, Defendant claims that his partner Fotina Theoharidou, who was tasked with finding the leases, is a Greek immigrant who "is accustomed to doing business based upon a handshake . . . ." (Doc. No. 34).

### III. ANALYSIS

**(A) Motion to Compel**

The motion to compel is GRANTED. The purpose of the orders on January 10, 2020, and February 19, 2020, was to provide Plaintiff information needed to name the proper defendant – Defendant's lawyer having represented to the Court that Plaintiff had sued the wrong party. Information that will reveal the identities of the tenants of the premises – current *and* former – has to be provided.  The Court was under the impression that the leases would reveal the identities of the former/current tenants. Counsel says the leases cannot be located. If they cannot be located, a principal of defendants must submit an affidavit attesting to the fact that all relevant locations have been searched – the affidavit must include a list of individuals who were asked and the locations searched. And, the affidavit must identify who occupied the premises when,

pursuant to what agreement. If Defendant now takes the position that the leases are oral leases, then a principal of defendants must so attest under oath – and identify with whom those oral leases were made.

If no leases can be produced, then Papadopoulos must produce alternative information that will reveal the correct names and addresses of the tenants, past (Two Boots Hell's Kitchen), and present (City Pizza). Defendant must have this information, since they have to keep corporate records and file tax returns. In the alternative to providing the names of the tenants, Defendant must provide the name and address of some individual who does have the information so that person can be deposed.

This must be done within TWENTY days. Absolutely no excuses will be accepted. The failure to provide either the leases, or information that would identify the tenants, current and former, will warrant sanctions.

Additionally, and just to move this along, Defendant must also produce within TWENTY days the names and addresses of all members of named Defendant Kiner's Corner LLC, so that they can be subpoenaed for deposition, as well as the name of some individual associated in a managerial capacity with the alleged current tenant, City Pizza. Additionally, Defendant must produce the name and address of any bookkeeper or accountant who prepared the books and records and/or the tax returns of the Defendant enterprise, so that this person can be subpoenaed for deposition.

I appreciate that Plaintiff's counsel is trying to litigate this case without spending much money. But he may need to do a little spade work – which is what lawyers are expected to do when they bring lawsuits. He may need to take a 30(b)(6) deposition of Kiner's Corner, or he

may need to depose Mr. Papadopoulos, or his bookkeeper. He could serve interrogatories or requests to admit. But he needs to do something. The court is not going to do it for him.

To give Plaintiff plenty of time to take discovery needed to identify the correct corporate defendant(s), I hereby extend the time for amending the complaint to December 4, 2020. That gives Plaintiff plenty of time.

**(B) The Motion for Sanctions is Denied Without Prejudice to Renewal**

"A district court has wide discretion in imposing sanctions." *Daval Steel Products, Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357 (2d. Cir. 1991).

Federal Rule of Civil Procedure 37(a)(1) requires this motion to include a certification that Plaintiff has in good faith "conferred or attempted to confer" with the Defendant. Plaintiff has satisfied the requirements of Rule 37, by certifying that Plaintiff's counsel made multiple attempts to request the documents from Defendant both via telephone and email.

Defendant argues that the Court cannot sanction him if he fails to produce evidence that does not exist. (Doc. No. 34). He is correct that a court cannot require a party to produce documents that do not exist, where there is doubt regarding a document's existence "a concrete determination should be made" as to whether or not the requested materials do in fact exist. *Benitez v. Straley*, No. 01 Civ. 181 (CM)(RLE), 2008 U.S. Dist. LEXIS 66754, 2008 WL 4093479, at *10 (S.D.N.Y. Sept. 2, 2008); s*ee also*, *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130. 138 (2d. Cir. 2007) ("a party is not obligated to produce, at the risk of sanctions, documents that it does not possess or cannot obtain"). On this record I cannot make a determination on the existence of the leases. For that reason, the motion for sanctions is denied – at this time.

But the motion is denied without prejudice. If Defendant does not comply with this order to produce information of some sort that will enable Plaintiff to identify the correct entities to sue, then, motion for sanctions can and should be renewed.[1]

Plaintiff's requests for costs, expenses and attorney's fees are similarly denied.

---

[1] If I were plaintiff's counsel I would not make too big a deal about the delay engendered by defendant's recalcitrance. The reason it took over a year to hold a Rule 16(b) conference in this case was not defendant's reluctance to move things along; it was a combination of the death of the previously assigned judge and plaintiff's counsel's requests for adjournments.

## CONCLUSION

For the reasons stated above, Plaintiff's motion to compel is GRANTED. Plaintiff's motion for sanctions is DENIED. Defendant is ordered in TWENTY days ending on November 7, 2020 to provide the leases, or follow one of the alternatives set forth in this opinion. The Clerk of Court is directed to remove the motions at Docket Number 33 from the Court's list of open motions.

Dated: October 19, 2020
       New York, New York

_____
Chief Judge

BY ECF TO ALL PARTIES