UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



RICARDO VELASQUEZ,

                              Plaintiff,

            -against-

KINER'S CORNER LLC., a New York limited
liability company, d/b/a TWO BOOTS HELL'S
KITCHEN, and GEORGE PAPADOPOULOS, an
individual,

                              Defendants.

No. 1: 18-cv-10969 (CM)(JW)

## ORDER GRANTING PLAINTIFF'S MOTIONS TO COMPEL AND FOR SANCTIONS

McMahon, J.:

Presently before the Court are two motion made by Plaintiff Ricardo Velasquez ("Plaintiff"): (1) Motion to Compel George Papadopoulos & John DeMaio, Esq. to Respond to Plaintiffs Interrogatories and Request for Production (Dkt. No. 55) and (2) Motion to Compel George Papadopoulos to Attend Deposition and for Sanctions (Dkt. No. 63). For the following reasons, Plaintiff's motions are GRANTED.

## BACKGROUND

At the root of this lawsuit's tortured history boils is defendants' contention – thus far not proved – that they are not proper parties to this litigation, although they have refused to produce any documents or information indicating otherwise. Defendants could have resolved this issue long ago but have – in defiance of court orders and notwithstanding Plaintiff's efforts – refused to give Plaintiff or the Court any relevant information.

Plaintiff is a "paraplegic and uses a wheelchair for mobility" and alleges he was "denied full and equal access to, and full and equal enjoyment of, the facilities at Defendants' Property"

located at 625 9th Avenue, New York, New York at some unspecified time prior to November 23, 2018. (Dkt. No. 1, ¶¶ 4, 5). Specifically, Plaintiff alleges defendants failed to "remove architectural barriers" on the property, which has prevented Plaintiff from accessing the property. (*Id.* at ¶¶ 13-14). Defendant George Papadopoulos ("Papadopoulos" or "Defendant") is the alleged owner of the building where Plaintiff was denied access and Defendant Kiner's Corner LLC d/b/a Two Boots Hell's Kitchen ("Corporate Defendant" or "Two Boots") is the alleged tenant restaurant occupying the space where Plaintiff was denied access.

Plaintiff brings claims against the Defendants pursuant to 42 U.S.C. §12181 of the Americans with Disabilities Act ("ADA"), the New York City Human Rights Law ("NYCHRL") and the New York State Human Rights LAW ("NYSHRL").

Defendant Two Boots has not appeared in this action. Defendant Papadopoulos contends that he is not proper parties to this litigation; he also asserted, at a civil conference, that Two Boots was not a proper party because it had vacated the Hell's Kitchen premises and the new tenant is a different enterprise called "City Pizza." (*See* Dkt. No. 35, at 3-4).

Despite court orders and Plaintiff's repeated attempts, Defendant Papadopoulos has refused to produce documents or information to show (1) when Two Boots vacated the premises or (2) who the correct defendant or defendants might be, although as the landlord of the premises he must know the answer to that question. To this day, no one has been able to tell the Court *who* actually was leasing the premises when Plaintiff was denied access to the restaurant on a date prior to November 23, 2018. For all I know, City Pizza is simply Two Boots under a new name.

Defendant Papadopoulos has repeatedly explained that he has no copy of any leases. (*See* Dkt. Nos. 34, 36). Fotini Theoharidou "a partner of Defendant George Papadopoulos" filed an affidavit attesting that he could not find the leases, and Papadopoulos could not find the leases.

(Dkt. No. 36). Theoharidou further attested that no one else would know where the leases (if any) were located. Defendant Papadopoulos responded to interrogatories and requests for production responding "none" or "not applicable" to nearly all the questions, stating that the "establishment is closed" and that he has no relevant information other than a copy of the deed for the property at 625 9th Avenue, which states that Dimitri and George Papadopoulos each own 50% of the property in fee simple. (*See* Dkt. No. 52).

Beyond that, Defendant has offered no information that would enable Plaintiff to amend the complaint and name the appropriate parties.

### *Relevant Procedural History*

Although the history of this dispute is long and tortured, it is recounted in all relevant parts for the sake of completeness.

Plaintiff filed the complaint on November 23, 2018.

On December 26, 2018, plaintiff served defendant Two Boots by delivering the summons and complaint on the authorized agent in the Office of the Secretary of State of the State of New York. (Dkt. No. 7).[1] Defendant Two Boots has never appeared or answered the complaint.

On January 4, 2019, defendant Papadopoulos was served. (Dkt. No. 6).

The initial conference was subsequently adjourned on Plaintiff's request five times with the Plaintiff explaining with each request that the defendants had failed to appear or answer despite having been served. Finally, on January 6, 2020, on Plaintiff's sixth request for adjournment, the Court responded: "Either move for default or show up [to the initial conference] . . ."

---

[1] Plaintiff's affidavit of service says that service was made pursuant to New York Business Corporations Law § 306 – which is a law applicable to New York *corporations* not a Limited Liability Company ("LLC") as here. However, Plaintiff's error in identifying the correct statute notwithstanding, New York's LLC Law § 303 likewise provides that service can so be made "on the secretary of state as agent of a domestic limited liability company or authorized foreign limited liability company . . . [and] shall be complete when the secretary of state is so served."

On January 9, 2020, Papadopoulos appeared by counsel (John DeMaio) and on January 10, 2020, the initial conference was held. At that conference, Papadopoulos' counsel insisted that Two Boots was incorrectly named as defendant. (*see* Dkt. No. 35, at 3-4). The court granted Plaintiff leave to amend the complaint to name the proper parties, and Papadopoulos was ordered to provide Plaintiff's counsel with copies of the two leases – one for the current tenant (City Pizza) and one for the former tenant (Two Boots Pizza).

On January 24, 2020, Defendant's counsel emailed Plaintiff's counsel stating defendant could not find the leases. (Dkt. No. 34). On February 14, 2020, Plaintiff filed a letter motion to compel production of the leases. (Dkt. No. 25). On February 19, 2020, the Court ordered Defendant's counsel to provide the leases by February 28, 2020, or the Court would entertain a motion to hold the defendant in contempt. (Dkt. No. 26). Papadopoulos did not produce the leases.

On March 17, 2020, Plaintiff filed a letter requesting a 30-day stay due to the COVID-19 pandemic. On April 17, 2020, Plaintiff submitted a second letter requesting another 30-day stay.

On May 22, 2020, Plaintiff filed a motion to compel Papadopoulos to turn over the two leases or be held in contempt and for sanctions. (Dkt. No. 33).

On October 19, 2020, the Court granted Plaintiff's motion to compel and denied the motion for sanctions. The Court ordered that within 20 days, ending on November 7, 2020, the defendants must produce the leases. If the leases could not be located, the Court ordered that "a principal of defendants . . . submit an affidavit attesting to the fact that all relevant locations have been searched – the affidavit must include a list of individuals who were asked and the locations searched. And, the affidavit must identify who occupied the premises when, pursuant to what agreement." (Dkt. No. 35, at 5-6). The Court clarified that

> If Defendant now takes the position that the leases are oral leases, then a principal
> of defendants must so attest under oath – and identify with whom those oral leases

4

were made. If no leases can be produced, then Papadopoulos must produce alternative information that will reveal the correct names and addresses of the tenants, past (Two Boots Hell's Kitchen), and present (City Pizza). Defendant must have this information, since they have to keep corporate records and file tax returns. In the alternative to providing the names of the tenants, Defendant must provide the name and address of some individual who does have the information so that person can be deposed." (*Id.*).

The Court explained that "may need to take a 30(b)(6) deposition of Kiner's Corner, or he may need to depose Mr. Papadopoulos, or his bookkeeper" (*id.* at 7); the Court added that plaintiff's counsel also "could serve interrogatories or requests to admit . . . he needs to do something." (*Id.* at 8). The Court then gave Plaintiff until December 4, 2020 to amend the complaint and denied the motion for sanctions without prejudice to renewal. Plaintiff could renew his motion for sanctions "if Defendant fails to comply with this order." (*Id.* at 1).

On October 28, 2020, Plaintiff served Papadopoulos with Interrogatories and Requests for Production pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure. (Dkt. No. 40-4).

On November 6, 2020, Fotini Theoharidou "a partner of Defendant George Papadopoulos" filed an affidavit (Dkt. No. 36) attesting that he could not find the leases, and Papadopoulos could not find the leases. He further attested that Kiner's Corner LLC, d/b/a Two Boots Hell's Kitchen is the only tenant for approximately the last ten years but the current tenant is City Pizza, "who vacated the property some time ago." He attested that he does not know the name of the owner of Kiner's Corner. He stated the address for Two Boots is 625 9th Avenue, New York and the address for Kiner's Corner LLC as registered with the "N.Y.S. Division of Corporation" is 59 Silver Hollow Road, Willow, NY 10495. He also attested that the accountant's name is Nora Kakavas.

After eight written conferral attempts (*see* Dkt. No. 40-9), on November 13, 2020 Plaintiff's counsel noticed the depositions of Papadopoulos and accountant Nora Kakavas for November 30, 2020. (*See* Dkt. No. 40-3). Defendant's counsel responded, "You are wasting your time." (*Id.*).

On December 10, 2020, Plaintiff filed the motion for extension of time to file the amended complaint and to compel response to discovery. (Dkt. No. 40). Specifically, Plaintiff explained that defendant Papadopoulos had not responded to any discovery requests and neither Papadopoulos nor Kakavas had appeared for the noticed depositions.

On December 8, 2020, this dispute was referred to Magistrate Judge Fox. Magistrate Judge Fox granted Plaintiff's request for an extension of time to file the amended complaint, denied the plaintiff's motion otherwise and scheduled a conference with the parties. (*See* Dkt. Nos. 42, 43).

On April 23, 2021, Magistrate Judge Fox held the conference and issued an order that Papadopoulous shall file his answer to the complaint on or before May 3, 2021 and respond to the outstanding discovery demands on or before May 11, 2021; the depositions of Papadopoulous and Nora Kakavas shall be held on May 24, 2021, and Plaintiff shall amend the complaint on or before June 1, 2021. (Dkt. No. 43).

On May 12, 2021, Plaintiff notified the court by letter that defendant had not filed his answer or responded to any discovery.

On May 14, 2021, defendant's counsel filed a letter referring the court to the Fotini Theoharidou affidavit and reiterating that the defendant "cannot locate any lease." (Dkt. No. 51).

On May 17, 2021, defendant's counsel filed a letter attaching responses to Plaintiff's interrogatories and requests for production stating defendant has no information and "no responsive documents" except a deed for the property at 625 9th Avenue and attaching that deed. (*See* Dkt. No. 52). That deed establishes that Dimitri and George Papadopoulos each owned 50% of the property as of April 2012. (*Id.*).

On May 21, 2021, Plaintiff filed a "Motion to Compel George Papadopoulos & John DeMaio, Esq. to Respond to Interrogatories & Requests for Production." (Dkt. No. 55).

On May 24, 2021, defendant Papadopoulos appeared for a Zoom deposition, which lasted 25 minutes. (*See* Dkt. No. 67-1).

Later that day, on May 24, 2021, defendant's counsel filed a letter address to Plaintiff's counsel which read: "This Deposition is closed. Any effort to re-open it will result in a Motion for Sanctions." (Dkt. No. 58). That same day, defendant's counsel also filed a declaration in response to Plaintiff's motion to compel which stated simply that Papadopoulos had "fully responded" and "the motion should be denied." (Dkt. No. 59).

On May 25, 2021, plaintiff's counsel filed a letter seeking to compel Papadopoulos to attend a deposition and seeking sanctions against defendant's counsel. (Dkt. No. 60). Plaintiff explained that the May 24 deposition was fruitless because defendant was "evasive and argumentative" and defendant's counsel coached the deponent, interrupted the deposition, and insulted plaintiff's counsel by calling him a "thorough liar." (*Id.*). Plaintiff explains that defendant and defendant's counsel logged out of the Zoom meeting abruptly after 20 minutes. (*Id.*).

On May 26, 2021, defendant's counsel filed a letter in reply stating that defendant is in "full compliance" with the court's orders. (Dkt. No. 61).

On May 27, 2021, Judge Fox directed plaintiff to file a formal motion to compel and for sanctions and include the transcript of the May 24, 2021 deposition. (Dkt. No. 62). At that time, Judge Fox adjourned the deadline for the plaintiff to file an amended complaint *sine die*.

On June 7, 2021, Plaintiff filed a motion to compel Papadopoulos to attend a deposition and seeking sanctions against defendant's counsel and attaching a copy of the deposition transcript. The deposition transcript generally confirms Plaintiff's version of events, recounted above. (Dkt. No. 67).

On June 11, 2021, defendant Papadopoulos filed a two-sentence opposition asking that Plaintiff's motion be denied. (*See* Dkt. No. 70).

Thereafter, Judge Fox retired, and the dispute was reassigned to newly appointed Magistrate Judge Jennifer E Willis. To prevent further delay in its adjudication, this Court resolves the dispute as follows.

## DISCUSSION

### A.  Plaintiff's Motion for Sanctions

Plaintiff's motion for sanctions is GRANTED. Defendant Papadopoulos and his counsel have demonstrated bad faith and flouted a Court order, meriting an award of plaintiff's attorney fees and expenses incurred in connection with both the failed deposition and the subsequent motions to compel.

"A district court has wide discretion in imposing sanctions." *Daval Steel Products, Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357 (2d. Cir. 1991).

First, Defendant Papadopoulos flouted this Court's October 19, 2020 Order. In that order, the Court ordered defendant Papadopoulos to do several things: (1) either produce the leases, or produce alternative information that will reveal the correct names and addresses of the tenants, past (Two Boots Hell's Kitchen), and present (City Pizza), or provide the name and address of some individual who does have the information so that person can be deposed; and (2) produce the names and addresses of all members of named Defendant Kiner's Corner LLC, so that they can be subpoenaed for deposition, as well as the name of some individual associated in a managerial capacity with the alleged current tenant, City Pizza. If defendant Papadopoulos could not find the leases, he was ordered to identify who occupied the premises when, pursuant to what agreement. (Dkt. No. 35, at 5-6). This Court expressly warned defendant Papadopoulos that "The

failure to provide either the leases, or information that would identify the tenants, current and former, will warrant sanctions." (*Id.* at 6).

Defendant Papadopoulos refused to provide the above information. While this Court understands that the leases cannot be located (although defendant has failed to fully explain what search was undertaken at all), defendant has not produced any alternative information to identify the correct tenants or who occupied the premises, when, and pursuant to what agreements. Instead, over six months after the Court's order issued, defendant produced only a single deed demonstrating that he is a 50% owner of the offending location. The result of defendant's stonewalling, even in the face of a court order, has unnecessarily delayed and disrupted this case.

Second, when served with requests for production and interrogatories, defendant Papadopoulos and his counsel failed to give any meaningful responses or appropriate objections. And when called for deposition in May 2021, defendant Papadopoulos and his counsel refused to participate in the deposition in good faith and prevented the Plaintiff from gaining any insight into information relevant for identifying the correct defendants in this case. The 25-minute Zoom deposition never proceeded past introductory information before both defendant and his counsel logged off. The deposition failed to elicit any relevant information because of defendant's stonewalling and his counsel repeatedly directing the defendant not to answer. For example, in response to Plaintiff's second question, in which Plaintiff's counsel asked, "Have you ever had your deposition taken in the past," Defendant's counsel immediately objected and stated, "He's not going to answer." (Dkt. No. 67-1, at 8:41-51). And the contentiousness only continued from there. After Plaintiff's counsel somewhat belabored the topic of the defendant's litigation history, asking questions about past lawsuits, Plaintiff's counsel decided to move on and asked the defendant, "are you prepared to answer my questions today?" to which defense counsel immediately stated,

"Objection. Next question." (*Id.* at 20:28-33). Counsel then bickered over whether the deponent should answer the question, with defense counsel iterating that the deponent would not answer any question to which he objected, stating, "He won't answer when I say objection . . . When I say objection, he is always directed not to answer." (*Id.* at 21:22-30). Ultimately, defense counsel refused to allow the deponent to answer the question, "are you prepared to answer my questions today?" and defendant and defense counsel logged off.

As this deposition illustrates, defendant has failed cooperate or engage in good faith in this litigation. As a result, this case has dragged on for years in the preliminary stages – which perhaps was defendant's strategy to begin with. However, defendant's behavior is dilatory at best, in bad faith at worst, and in any event unacceptable. Sanctions are warranted.

Plaintiff is awarded attorney's fees and expenses associated with the failed deposition and the subsequent motions to compel. Plaintiff's counsel shall provide the court with an accounting of fees incurred, which the court will assess for reasonableness, within ten business days.

## B. Plaintiff's Motions to Compel Responses to Written Discovery and Compel Deposition of Defendant Papadopoulos

Plaintiff's motions to compel are GRANTED.

Plaintiff seeks both to compel a response to plaintiff's interrogatories and requests for production and to compel a new deposition of Papadopoulos pursuant to Federal Rule of Civil Procedure 37(a) following the failed deposition attempt on May 24, 2021.

As to the interrogatories and requests for production, Defendant Papadopoulos is directed to provide a good faith response to Plaintiff's discovery demands or provide a proper basis for objection.

As to the deposition, Plaintiff seeks to compel a new deposition due to Papadopoulos' "non-compliant and evasive" behavior in the May 24 deposition and defense counsel's

"unprofessional and interruptive" actions, which resulted in that deposition lasting 25 minutes; the deposition never moved beyond basic introductory questions and failed to elicit any relevant information for Plaintiff's case.

The Court agrees that defendant has refused to participate in a deposition in good faith and that Plaintiff is therefore entitled to re-take the deposition of defendant Papadopoulos. Plaintiff is directed to notice a new deposition of defendant Papadopoulos and defendant Papadopoulos is ordered to participate in the deposition. Because I no longer trust defendant or his counsel to behave appropriately during this deposition, I will ask Magistrate Judge Willis, who is now the assigned Magistrate Judge, to preside at the deposition and make rulings that will elicit answers. Defense counsel is warned not to coach the witness or direct his client to stonewall; rather, he should direct his client to participate in the deposition and in good faith.

### C. Moving This Case Along

In May 2021, as the discovery disputes persisted, Magistrate Judge Fox adjourned the deadline for Plaintiff to file an amended complaint *sine die*. (Dkt. No. 62). It is now time to revisit that order, if only to move this lawsuit along.

Defendant George Papadopoulos has produced a deed that shows him as 50% owner of the location in question. If Plaintiff wishes to add the other 50% owner of the location (Dimitri Papadopoulos) as a defendant, he must do so by filing an amended complaint no later than March 15, 2022. And if this individual is added as a defendant, he must be served by April 30, 2022 and deposed by June 2, 2022. Again, I will ask Magistrate Judge Willis to preside at this deposition, to ensure cooperation and professional behavior.

This order is without prejudice to Plaintiff's right to add any other appropriate party as a party defendant should long-delayed discovery in this matter reveal the identity of said party.

Defendant Papadopoulos insists (albeit not under oath) that Two Boots vacated the premises at 625 Ninth Avenue but has thus far not provided a date when that vacatur took place. Two Boots has not appeared to defend. Two Boots, an LLC, was duly served via the Secretary of State on December 26, 2018, but it has never appeared. (*See* Dkt. No. 7). It is not represented by counsel for George Papadopoulos.

What Papadopoulos said at a conference with the court is of no moment. Two Boots has to assert for itself that it vacated the premises by a date certain or the allegations of the complaint will be presumed true. As an LLC, Two Boots must appear and defend by counsel; it has not done so, and defendant Papadopoulos cannot make representations on its behalf for the purposes of this litigation.

Two Boots is obviously in default. Plaintiff should obtain a certificate of default from the clerk and move for a default judgment against it if it wishes to take its default. If there is a default, then the allegation that Two Boots was occupying the premises during the relevant period will be deemed to be true.

### D. Consequences of Failing to Comply with The Court's Order

This Court is tired of playing games. Defendant George Papadopoulos's stonewalling, which was never acceptable, will no longer be tolerated. Papadopoulos and his counsel are hereby placed on notice that the failure to comply with this Court's order in every particular by the dates specified in this opinion and order will result in (1) the Court's entering an order precluding Papadopoulos from proving at trial that he is not a proper party to this lawsuit; and (2) sanctions against counsel for failure to abide by court orders.

## CONCLUSION

Plaintiff's motion for sanctions as to defendant Papadopoulos and his counsel is GRANTED. Plaintiff is directed to file an affidavit of fees and expenses by March 3, 2022, after which time the Court will enter a final judgment thereon.

Plaintiff's motion to compel responses to written discovery is GRANTED. Defendant Papadopoulos is directed to respond to Plaintiff's written discovery demands or provide a proper basis for objection by March 11, 2022. If this court concludes that the interrogatory responses are non-compliant with this order, or if the objections are frivolous, it will enter an order deeming the answers to be adverse to the defendant. It cannot be the case that defendant landlord does not know when one tenant vacated its premises, or have a lease for a new tenant.

Plaintiff's motion to compel a deposition of defendant Papadopoulos is GRANTED. The deposition must take place at the convenience of Magistrate Judge Willis on or before April 15, 2022. Plaintiff is directly to consult with Judge Willis and notice such deposition promptly for the date and time of her choosing. Defendant must appear with his attorney and is not permitted to negotiate the date.

This is a written opinion. The clerk is directed to close the motions at docket numbers 55 and 63.

Dated: February 22, 2022

_____
U.S.D.J.

BY ECF TO ALL COUNSEL