UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/21/2022

RICARDO VELASQUEZ,

               Plaintiff,

-against-

KINER'S CORNER LLC., a New York limited liability company, d/b/a TWO BOOTS HELL'S KITCHEN, and GEORGE PAPADOPOULOS, an individual,

               Defendants.

No. 1: 18-cv-10969 (CM)(JW)

## ORDER

McMahon, J.:

    By order dated February 22, 2022, this Court granted Plaintiff's motion for sanctions and directed Plaintiff to file an affidavit of fees and expenses associated with the failed deposition and subsequent motions to compel. (Dkt. No. 72).

    On March 3, 2022, Plaintiff's counsel, Ben-Zion Bradley Weitz, submitted an affidavit of fees and expenses totaling $10,272.56. (*See* Dkt. No. 73). Specially, Plaintiff's counsel submits a log with description of work completed for a total of 14 hours spent in deposition preparation, taking the deposition, and drafting the motion to compel and reply papers at an attorney rate of $575.00. (Dkt. No. 73-1). Plaintiff also logs $210.06 in expenses associated with the deposition reporter fee and transcription costs. (*Id.*).

    Beyond these fees and expenses, Plaintiff tacks on an additional 3.5 hours spent reviewing this Court's February 22, 2022 order, speaking with Judge Magistrate Willis to reschedule the deposition of George Papadopoulos, and drafting the affidavit of fees and expenses. (*Id.*).

    Plaintiff's counsel justifies his attorney rate of $575.00 per hour by explaining to the Court that in the past, in 2013, he was awarded an attorney rate of $400.00 per hour in *Kreisler v. Second Avenue Diner Corp., et al.*, Case No. 1:10-cv-07592, in the Southern District of New York, and since that case has gained significant additional litigation experience. Based on *Kreisler*, adjusting for his subsequent nine years of litigation experience and for inflation, counsel states that an increased reasonable hourly attorney rate of $575.00 per hour is merited. (*See* Dkt. No. 73, ¶7).

    Defendant's counsel filed a declaration in response to Plaintiff's counsel's affidavit in which he opposes the fees and expenses as unreasonable and argues that Plaintiff's counsel has not demonstrated that a rate of $575.00 per hour is warranted.

1

"The calculation of reasonable attorney fees is a factual issue whose resolution is committed to the discretion of the district court." *Saulpaugh v. Monroe Cmty. Hosp.*, 4 F.3d 134, 145 (2d Cir.1993). "In determining the proper amount of attorneys' fees a district court must multiply 'all reasonable hours expended' by 'a reasonable hourly rate.'" *Id.* (quoting *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir.1992). Here, the Court considers the 14 hours spent in deposition preparation, taking the deposition, and drafting the motion to compel and reply papers at an attorney rate of $575.00 to be appropriate and reasonable attorney's fees associated with the failed deposition and subsequent motions to compel. The Court also finds that the $210.06 for the deposition reporter and transcription costs are reasonable expenses.

However, the 3.5 hours that Plaintiff's counsel spent in additional tasks after the issuance of this Court's February 22, 2022 order are not reasonably associated with the tasks for which sanctions were awarded – the deposition and motions to compel. These hours are not included in the Court's award of attorney's fees.

Plaintiff is awarded $8260.06 in attorney's fees and expenses. The Clerk of this Court is directed to enter judgment accordingly.

This constitutes the decision and order of the court.

Dated: March 21, 2022

_[signature]_
U.S.D.J.

BY ECF TO ALL COUNSEL