UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

RICARDO VELASQUEZ,

        Plaintiff,

  -against-                                          18 civ 10969 (CM)(JW)

KINER'S CORNER LLC a New York limited
Liability company, d/b/a TWO BOOTS HELL'S
KITCHEN, and GEORGE PAPADOPOULOS,
an individual,

        Defendants.

------------------------------------------------------------x

USDC SDNY<br>
DOCUMENT<br>
ELECTRONICALLY FILED<br>
DOC #: _____<br>
DATE FILED: 7/6/2023

ORDER DENYING MOTION TO COMPEL AND FOR
SANCTIONS AND SETTING A FIRM DEADLINE FOR
THE CLOSE OF DISCOVERY AND PRE-TRIAL FILINGS

McMahon, J.:

      Pending before the court is a motion by counsel for defendant Georgeo Papadopoulos seeking to compel Plaintiff to respond to an interrogatory about other lawsuits he may have filed. Defendant also moves for sanctions.

      Both motions are denied. The interrogatory does not comport with the standard for discovery in a federal lawsuit – which is to say, it does not seek information that would be admissible in evidence at the trial of this action. Whether Mr. Velasquez is a professional plaintiff in ADA cases (and indeed he is) is of no moment to the resolution of the allegations in this complaint. If Kiner's Corner/Two Boots was not in compliance with the Americans with Disabilities Act, it is no defense that this failing was pointed out by someone who makes his living filing lawsuits against restaurants that are inaccessible to handicapped persons. Mr. Papadopoulos would do well to focus on conditions at his own restaurant and not waste my time with frivolous discovery disputes.

      This case has dragged on for far too long, even allowing for the pandemic – and it has worn thin the patience of this court and of two busy Magistrate Judges, who should not have to put up with the shenanigans to which counsel in this matter have subjected them. Judge Willis advises me that all that remains of discovery is the taking of depositions. I hereby order than all depositions must be completed by September 20, 2023. At that point discovery will be deemed CLOSED and

will not be reopened for any purpose. From and after today NO MORE INTERROGATORIES or document requests may be propounded; any that are will be stricken. The only discovery that may be taken is depositions.

PLEASE TAKE NOTICE: Any party whose deposition is noticed and who does not show up at that deposition on the date that appears on the notice, or who fails or refuses to answer legitimate questions propounded by the opposing party, will have to show cause why his/its pleading should not be stricken for failure to cooperate with the discovery process. If the party's pleading is stricken, two things will happen: judgment will be entered against that party and the party's counsel will be referred to the Grievance Committee of this court. I want to make this perfectly clear to counsel: cooperate with Judge Willis to get discovery concluded by September 20, or you risk having judgment entered against your client. I don't care what vacation you have to miss or what holidays (be they secular or religious) or other professional obligations you have to schedule around. I am giving you a generous amount of time; you can find dates that will not create conflicts. Get the depositions done or risk having judgment entered against your client. No excuses will be accepted.

Assuming we get the depositions out of the way by the close of discovery date: a joint pre-trial order in the form provided for in my Individual Rules must be filed by close of business on October 27, 2023. Any *in limine* motions must also be filed by close of business on October 27, 2023. Read my rules for the form such motions must take; failure to conform to my instructions will result in the denial of your motion. Any response to a motion *in limine* must be filed by close of business on November 9, 2023. The parties will thereafter be on 48 hours notice for trial. Failure to appear for trial when called will result in the entry of judgment against the defaulting client. I will accept no excuses for failing to appear for trial, or for any final pre-trial conference that may be ordered. It is my expectation, barring conflicts with criminal cases on my calendar, that this case will be tried and closed before the end of year holidays.

This constitutes the written decision and order of the court. The Clerk of Court is directed to remove the motion at Docket #144 from the court's list of open motions.

Dated: July 6, 2023

_____
U.S.D.J.

BY ECF TO ALL COUNSEL
BY EMAIL TO MAGISTRATE JUDGE WILLIS